UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO,

EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| CITY OF CLEVELAND,<br><br>        Plaintiff,<br>   v.<br><br>SHAKER HEIGHTS APARTMENTS OWNER, LLC, *et al*.,<br><br>        Defendants. | Case No.: 1:23-cv-00617-CEF<br><br>JUDGE CHARLES ESQUE FLEMING<br><br>**DISMISSAL DEFENDANTS' JOINT MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT** |

Defendants Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar (collectively "Dismissal Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move the Court to dismiss Plaintiff's Complaint against them with prejudice.  The reasons for this Motion are set forth in the attached memorandum in support, which is incorporated herein by reference.

                            Respectfully submitted,

                            /S/ Grant J. Keating     .
                            Grant J. Keating (#0079381)
                            Patrick J. Perotti (#0005481)
                            Dworken & Bernstein Co., L.P.A.
                            1468 W. 9th St., Suite 135
                            Cleveland, Ohio 44113
                            Phone: (216) 861-4211
                            Fax: (216) 861-1403
                            Email: gkeating@dworkenlaw.com
                            pperotti@dworkenlaw.com
                            *Attorneys for Defendants*
                            *Shaker Heights Apartments Owner, LLC,*
                            *Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar*

**MEMORANDUM IN SUPPORT**

I.      FACTS

On March 6, 2023, Plaintiff filed a Complaint For Public Nuisance Abatement, Injunctive Relief & Receivership in the Cleveland Municipal Court – Housing Division concerning the properties located at 12500-12600 & 12701 Shaker Boulevard, Cleveland Ohio 44120, having permanent parcel numbers 129-01-001 & 129-12-010 and 129-12-009 (collectively the "Property"). (Doc. 1 Exhibit 2-A¶ 3).  Plaintiff's Complaint states that it is asserting its claims against "Parties in Control" which it defines as the title owner and operator of the Property, Shaker Heights Apartments Owner, LLC and movants, Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar (collectively "Dismissal Defendants").  (Doc. 1 Exhibit 2-A ¶ 35).

At all pertinent times, defendant, Shaker Heights Apartments Owner, LLC has been the owner of the Property.  (Doc. 1 Exhibit 2-A ¶8 and 29).  Dismissal Defendants do not own and have never owned the Property. Plaintiff alleges that defendants Shaker Heights Member, LLC, Michael Chetrit and Yaacov Amar have an ownership interest in Shaker Heights Apartments Owner, LLC, but not the Property itself. (Doc. 1 Exhibit 2-A¶ 9, 10, 15).  The remaining Dismissal Defendants are not alleged to have an ownership interest in the Property or the entity that owns the Property.

At all pertinent times, defendant, Shaker Heights Apartments Owner, LLC has been the operator of the Property. (Doc. 1 Exhibit 2-A ¶8 and 29).  Plaintiff 's Complaint alleges that defendants, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar were all acting "**on behalf of Shaker Heights Apartments Owner, LLC.**" (Doc. 1 Exhibit 2-A ¶30, 31, 32, 33  and 34) (emphasis added).  Plaintiff alleges that Shaker Heights Apartments Owner, LLC operates under the ultimate direction and authority of its alleged owners, Shaker Heights Member, LLC and Michael Chetrit,

2

(Doc. 1 Exhibit 2-A ¶29), but Plaintiff makes no allegations to pierce the corporate veil or suggest Shaker Heights Member, LLC or Michael Chetrit took any actions in their individual capacities that would make them liable for Plaintiff's claims.

## II. LAW AND ARGUMENT

### a. The Complaint Must State a Plausible Claim Against the Dismissal Defendants

A complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). If Plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The factual allegations in the Complaint are insufficient to state a claim against the Dismissal Defendants. Plaintiff lacks standing to assert claims against Dismissal Defendants. Standing is a threshold requirement, which must be met before the Court may consider the merits of the issues presented. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To establish standing, the plaintiff must have "suffered an 'injury in fact'" that is "fairly traceable to the challenged action of the defendant," and "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Here, Plaintiff lacks standing to assert claims against Dismissal Defendants because Plaintiff

has not sufficiently averred that its purported injuries are fairly traceable to the alleged conduct of the Dismissal Defendants, or that a favorable decision would redress its supposed injuries. Plaintiff contends that the Property is a public nuisance that needs to be abated. (Doc. 1 Exhibit 2-A).  But all of Plaintiff's claims against Dismissal Defendants are predicated on their ownership and/or operation of the Property. (Id). It is undisputed that the Dismissal Defendants do not own and have never owned the Property. Moreover, none of the Dismissal Defendants have operated the Property in their individual capacity.

Plaintiff acknowledges that defendants, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar were all acting "**on behalf of Shaker Heights Apartments Owner, LLC**" and not in their individual capacities.  (Doc. 1 Exhibit 2-A ¶30, 31, 32, 33 and 34) (emphasis added). Plaintiff alleges that Shaker Heights Member, LLC and Michael Chetrit are the owners of Shaker Heights Apartments Owner, LLC.  (Doc. 1 Exhibit 2-A ¶9, 10 and 29). However, under Ohio law (applicable here), members of limited liability companies are not liable for their company's obligations, whether arising in contract, tort, or otherwise, solely by reason of being a member. O.R.C. § 1706.26.

Further, the Complaint fails to allege that any of the members took any actions to create the nuisance being pursued, let alone allege specific conduct by any of those members to push the Complaint beyond "formulaic recitation" to concrete factual averment.

Since Dismissal Defendants are not in fact owners or individual operators, and are not alleged to have created the conditions Plaintiff complains of, they cannot redress Plaintiff's alleged injuries. *Fieger*, 471 F.3d 637, 643 (6th Cir., 2006).  Plaintiff therefore lacks standing to assert claims against Dismissal Defendants and this Court should dismiss the claims against them with prejudice.

    b.  <u>Plaintiff Fails to State a Claim Against Dismissal Defendants For Public Nuisance</u>

Plaintiff next contends that the Property constitutes a statutory public nuisance pursuant to

4

R.C. §3767.41 and C.C.O. § 3103.09. (Doc. 1 Exhibit 2-A ¶53).  Ohio law requires that a civil action to enforce a building code or regulation, or for abatement if the building is alleged to be a public nuisance, be brought against the "owner of a building." See  R.C. 3767.41(B)(2)(a). Likewise, C.C.O. § 3103.09(e)(1) requires, "the **_owner_** within a stated time to abate the nuisance condition of the building or structure by correction of the violations and defects to the minimum standards of the Codified Ordinances of Cleveland, Ohio, 1976, applicable City rules and regulations, the Revised Code, and Ohio Administrative Code, including the Ohio Building Code, or by demolition and removal of the building, structure, or a portion of those." Id. (emphasis added.)  Dismissal Defendants do not currently own and have never owned the Property, and are not alleged in the Complaint to have ever owned the Property, thus Plaintiff's public nuisance claims against them should be dismissed with prejudice.

      c.  <u>Plaintiff is Not Entitled to Injunctive, Declaratory and Equitable Relief against Dismissal Defendants</u>

Plaintiff seeks broad injunctive, declaratory, and equitable relief against Dismissal Defendants, in the form of an order enjoining them from, maintaining a public nuisance at the Property or any other property within the City of Cleveland, an order authorizing Plaintiff to enter the Property to perform abatement; an order appointing a receiver to perform abatement; and an order to charge the costs of these proceedings against the Property (Doc. 1 Exhibit 2-A ¶55-72.) Again, however, there are no allegations that any of the Dismissal Defendant now owns, or has ever owned, the Property.  Nor is there any factual averments that any of those persons or entities created or is obligated to abate the claimed nuisance.

Plaintiff is not entitled to obtain any of the relief it requests from Dismissal Defendants because they do not, and have not owned the Property, and they never operated the Property in their individual capacities, and the Complaint contains no facts averring either.  Thus, they should be dismissed with prejudice.

5

## III. CONCLUSION

Wherefore, for the reasons set forth above, Dismissal Defendants, Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and Yaacov Amar's motion to dismiss should be granted with prejudice.

Respectfully submitted,

/S/ Grant J. Keating            .
Grant J. Keating (#0079381)
Patrick J. Perotti (#0005481)
DWORKEN & BERNSTEIN CO., L.P.A.
1468 W. 9th St., Suite 135
Cleveland, Ohio 44113
Phone: (216) 861-4211
Fax: (216) 861-1403
Email: gkeating@dworkenlaw.com
pperotti@dworkenlaw.com
*Attorneys for Defendants
Shaker Heights Apartments Owner, LLC,
Shaker Heights Member, LLC, Michael Chetrit,
Danielle Holifield aka Danielle Nickerson, E&M
Management, LLC, Eli Weiss aka Eliezer Weiss,
Mordecai Weiss AKA Morty Weiss and
Yaacov Amar*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2023, the foregoing Dismissal Defendants' Joint Motion To Dismiss was filed via this Court's electronic filing system and that copies of same were served upon all unrepresented parties via regular U.S. Mail at the addresses listed in the Complaint.

Respectfully submitted,

/S/ Grant J. Keating      .
Grant J. Keating (#0079381)
Patrick J. Perotti (#0005481)
DWORKEN & BERNSTEIN CO., L.P.A.
1468 W. 9th St., Suite 135
Cleveland, Ohio 44113
Phone: (216) 861-4211
Fax: (216) 861-1403
Email: gkeating@dworkenlaw.com
pperotti@dworkenlaw.com
*Attorneys for Defendants*
*Shaker Heights Apartments Owner, LLC,*
*Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss aka Eliezer Weiss, Mordecai Weiss AKA Morty Weiss and*
*Yaacov Amar*