UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CLEVELAND, | ) | CASE NO. 1:23-cv-00617 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| SHAKER HEIGHTS APARTMENT OWNER, LLC, et al., | ) ) ) | OPINION |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff The City of Cleveland's ("Plaintiff") Motion for Emergency Hearing to Abate Nuisance Threatening Life Health and Safety of Residents (ECF No. 23). For the following reasons, the Motion is DENIED.

On March 22, 2023, Defendants E&M Management, LLC, Shaker Heights Apartments Owner, LLC, Danielle Holifield, Shaker Heights Member, LLC, Mordecai Weiss, Eli Weiss, Michael Chetrit, and Yaacov Amar (collectively "Defendants") removed this case from the Cleveland Municipal Court Housing Division. (ECF No. 1). On April 5, 2023, Plaintiff moved to remand this case back to state court, arguing that Defendants failed to establish the Court's subject matter jurisdiction over this case. (ECF No. 10, PageID #252-53). Defendants filed their opposition (ECF No. 15) on April 12, 2023, and Plaintiff filed its reply in support on April 19, 2023 (ECF No. 16). Thereafter, on May 25, 2023, Plaintiff moved the Court to conduct an emergency hearing on the issue of abatement of alleged "serious new conditions which threaten the life, health and safety of the residents of 12500 Shaker Boulevard, Cleveland, Ohio, caused by Defendants…" (ECF No. 23, PageID #340).

The Court has concerns about the latter request. In the Motion, it states "the City plans to

1

proceed to abate the nuisance and remedy the threat to the residents safety and to hold the Owner responsible for all costs incurred to abate the nuisance….". (*Id*. at PageID #341). The Motion goes on to cite city ordinances giving Plaintiff the authority to execute its plans in emergency situations and to hold the property owner responsible for the costs of doing so. (*Id*. at PageID #341-342). Nowhere in the Motion does it state that Plaintiff needs court intervention to execute its plans, and its cited authority indicates it may do so at the discretion of the city's Director of the Department of Building and Housing. *Id.* In light of these facts and the authority cited by Plaintiff, the Court has nothing before it indicating that court intervention is needed or required.

The other concern is that Plaintiff has challenged whether this Court has subject matter jurisdiction over this case. This issue must be resolved before the Court can address any other issues in this case. *National Wildlife Federation v. Secretary of United States Dept. of Transportation*, 286 F.Supp.3d 836, 841 (6th Cir. 2017) ("Jurisdictional issues must be addressed first, because if jurisdiction is lacking, a district court may not proceed to address the merits of the case."); *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *See also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 565 (6th Cir. 2015) ([A] challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment."); citing *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("[L]ack of subject matter jurisdiction…requires the court to remand at any time prior to final judgment."). Plaintiff argued in its motion for remand that this Court lacks subject matter jurisdiction and preserved those arguments in its motion for an emergency hearing. (ECF No. 23, PageID #342). Plaintiff cannot now ask the Court to effectively exercise jurisdiction over this

case, while Plaintiff's own claim that the Court lacks jurisdiction has not been resolved.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for emergency hearing (ECF No. 23).

**IT IS SO ORDERED.**

Date: May 26, 2023

*Charles Fleming*

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**