UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CLEVELAND, | ) | CASE NO. 1:23-cv-00617 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| SHAKER HEIGHTS APARTMENT OWNER, LLC, et al., | ) | OPINION |
| | ) | |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff City of Cleveland's ("Plaintiff") Motion for Remand (ECF No. 10). For the following reasons, the Motion is GRANTED.

I. BACKGROUND

A. Factual

On March 6, 2023, Plaintiff filed a Complaint[1] for public nuisance abatement, injunctive relief, and receivership in the Cleveland Municipal Court – Housing Division against Defendants Shaker Heights Apartments Owner, LLC, Shaker Heights Member, LLC, Michael Chetrit, Danielle Holifield aka Danielle Nickerson, E&M Management, LLC, Eli Weiss, Mordecai Weiss aka Morty Weiss, and Yaacov Amar (collectively "Removal Defendants" or "Parties in Control").[2] Plaintiff is seeking the enforcement of Sections 715 and 3767 of the Ohio Revised Code as well as City of Cleveland Title IX: Housing Code and Title XIII: Building Code of the Codified

---

[1] *City of Cleveland v. Shaker Heights Apartments Owner, LLC, et al.*, Case No. 2023-CVH-002772.
[2] Plaintiff also named Defendants Metropolitan Commercial Bank, New York Community Bank, Marbelle Industries, Inc. d/b/a B&H Coin Laundry Service, Brent Delewski, K Kern Painting, LLC, AAA Staffing, LLC, Cuyahoga County Treasurer, State of Ohio Department of Taxation, Attorney General of the State of Ohio, Ohio Bureau of Workers Compensation, Ohio Department of job & Family Services, United States Treasury Department Internal Revenue Service, and office of United States Attorney (collectively "Non-removal Defendants").

1

Ordinances on the subject properties located at 12500-12600 and 12701 Shaker Boulevard, Cleveland, Ohio 44120, having parcel numbers 129-01-001, 129-12-010, and 129-12-009, respectively (the "Property"). (ECF No. 1-2, Compl. at PageID #18-19).

Plaintiff alleges that the Parties in Control: 1) stated publicly that they performed no due diligence on the Property prior to purchasing it, and upon ownership raised rents and fees for tenants that meets or exceeds a gross revenue of $150000 per month; 2) have an obligation to pay property taxes levied on the Property in the amount of $102,413.61; and 3) failed to pay water, sewer, and electric utilities invoiced to the owner of the Property in excess of $100,000 upon assuming ownership and management of the Property. (*Id*. at PageID #26-27). Plaintiff also alleges that on March 28, 2022, it notified Defendant Shaker Heights Apartments Owner, LLC of more than seventy violations of Cleveland's Housing and Building Codes to be corrected no later than April 1, 2022. (*Id*. at PageID # 27). Additionally, the Parties in Control allegedly: 1) failed to provide the minimum amount of heat required by the City of Cleveland, Ohio Code of Ordinances ("CCO") § 371.11 and maintain hallways and common areas in violation of CCO § 347.08(a), 2) allowed the infestation of roaches, fleas, ants, termites, and/or rodents in violation of CCO § 369.17, and 3) failed to provide a letter from a registered heating contractor certifying the heating system. (*Id*. at PageID #27-28). Plaintiff alleges that at the time of filing the Complaint, there were no less than 107 violations of the Cleveland Housing and Building Codes. (*Id*. at PageID #28).

Plaintiff also claims that current tenants of the Property have complained of emergency issues, including: 1) regular lack of heat in the winter, 2) serious plumbing issues causing water damage and mold, 3) no kitchen cabinets and existing countertops buckling, 4) a bathroom with large holes, 5) lack of handicapped accessibility, 6) non-operable exit lights, 7) improper or absent

fire suppression systems, 8) inoperable smoke alarms, 9) inadequate common areas,10) out of service elevators that lack current certificates for operation, 11) unpermitted repairs and maintenance by unlicensed, unidentifiable, nameless individuals who refuse to provide proof of credentials and perform sub-standard repair work, 12) daily flooding in the laundry room, 13) a broken front entrance lock and side entrance door, and 14) deceptive changes to rent and lease terms. (*Id*. at PageID #28-29).

### B. Procedural

On March 22, 2023, Defendants removed this case from the Cleveland Municipal Court -- Housing Division. (ECF No. 1). On April 5, 2023, Plaintiff moved to remand this case back to state court, arguing that Defendants failed to establish the Court's subject matter jurisdiction over this case. (ECF No. 10, PageID #252-53). Defendants filed their opposition (ECF No. 15) on April 12, 2023. Plaintiff filed its reply on April 19, 2023 (ECF No. 16).

## II. LEGAL STANDARD

### A. Removal

A defendant may remove any civil action brought in state court over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). If a district court determines that it lacks subject matter jurisdiction, however, the court must remand the case. 28 U.S.C. § 1447(c). The party removing a case bears the burden of establishing jurisdiction. *Nowicki-Hockey v. Bank of Am., N.A.*, 595 F. App'x 420, 421 (6th Cir. 2014) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). Because removal jurisdiction implicates federalism concerns, removal statutes are strictly construed and "all doubts should be resolved against removal." *Mayes v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)). Any ambiguity regarding the scope of the removal

statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir.1999); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

### B. Diversity Jurisdiction

Federal district courts have original jurisdiction over a civil action when both the "matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs" and is between "citizens of different States." 28 U.S.C. § 1332(a). Complete diversity exists when no plaintiff is a citizen of the same state of any defendant. *Coyne*, 183 F.3d at 492.

### III. LAW AND ANALYSIS

In their Notice of Removal (the "Removal"), the Removal Defendants stated this Court has jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000.00. (ECF No. 3, Removal at PageID #3). Plaintiff argues that removal is improper because the Removal Defendants failed to 1) obtain unanimous consent from all Defendants and 2) establish the amount in controversy exceeds $75,000. (ECF No. 10, Remand at PageID #4-7).

### A. Consent

The "rule of unanimity" requires that a removing defendant must obtain unanimous written consent of all other "properly joined and served" defendants. 28 U.S.C. § 1446(b)(2)(A); See, e.g. *Farnsworth v. Nationstar Mortgage, LLC,* 569 Fed.Appx. 421, 424 (6th Cir.2014); *Brierly,* 184 F.3d at 533 n. 3. The Sixth Circuit has held that "all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has

4

become removable." *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (Failure to obtain unanimous consent forecloses the opportunity for removal under 28 U.S.C. § 1446.).

Exception to the rule of unanimity exists when a defendant is a nominal party or fraudulently joined. *Beasley v. Wells Fargo Bank, et al.*, 744 Fed.Appx. 906, 915 (6th Cir. 2018) (affirming the district court's denial of remand when the plaintiff failed to establish the defendant was not a nominal party.); *Chambers v. HSBC Bank USA, N.A,* 796 F.3d 560, 564 (6th Cir. 2015) (consent of a defendant that has been fraudulently joined is not necessary) (citing *Walker v. Philip Morris USA, Inc.,* 443 Fed.Appx. 946, 951 (6th Cir.2011) ("[A] party who removes a case involving non-diverse parties to federal court on diversity grounds will defeat a motion to remand if it can show that the non-diverse parties were fraudulently joined.").

Plaintiff argues that three non-removing Defendants – Cuyahoga County Treasurer, K Kern Painting, LLC, and AAA Staffing, LLC – possess either statutory liens, mechanics liens, or recorded interest in the Property, therefore they are real parties, and their consent is required. (ECF No. 10, Remand at PageID #5-6).

1. **Removal Defendants failed to establish that all Non-removal Defendants are nominal or fraudulently joined.**

    a. **Nominal**

In determining whether complete diversity exists, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Maiden v. North American Stainless, L.P.*, 125 Fed. Appx 1, 2 (6th Cir. 2004) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (citations omitted)). "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Id.* (citing *Certain Interested Underwriters at Lloyd's of*

*London v. Layne,* 26 F.3d 39, 42–43 (6th Cir.1994)).  Conversely, a nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." *Id.* (citing *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469, 472 (6th Cir.1952) (citation omitted)).

Plaintiff brought its action for nuisance abatement under Ohio Revised Code § 3767.41 governing buildings found to be a public nuisance.  (ECF No. 1-2, Compl. at PageID #19).  Section 3767.41 provides in relevant part:

> "'Interested party' means any owner, mortgagee, *lienholder*, tenant, or *person that possesses an interest of record* in any property that becomes subject to the jurisdiction of a court pursuant to this section, and any applicant for the appointment of a receiver pursuant to this section.  O.R.C. § 3767.41(A)(4) (emphasis added).

> "In a civil action described in division (B)(1) of this section, a copy of the complaint and a notice of the date and time of a hearing on the complaint *shall be served upon* the owner of the building and *all other interested parties* in accordance with the Rules of Civil Procedure."  O.R.C. § 3767.41(B)(2)(a) (emphasis added).

> "If…the owner of the building previously has been afforded a reasonable opportunity to abate the public nuisance and has refused or failed to do so, and if the complaint…requested relief as described in this division, then the judge shall offer *any* mortgagee, *lienholder, or other interested party* associated with the property on which the building is located, in the order of the priority of interest in title, the opportunity to undertake the work and to furnish the materials necessary to abate the public nuisance."  O.R.C. § 3767.41(C)(2) (emphasis added).

There is no dispute that K Kern Painting, LLC and AAA Staffing, LLC are lienholders.  Indeed, Defendants concede that they are lienholders, but argue that they are nominal parties because the Complaint makes no allegations against them and "most significantly seeks no relief against them."  (ECF No. 15, Opp. at PageID # 283).  First, this argument ignores Section 3767.41(C)(2) which gives any lienholder an opportunity to abate a public nuisance if the owner fails to do so before granting the plaintiff receivership.  Thus, Section 3767.41(C)(2) in and of itself gives a lienholder "control of, impact on, or stake in the controversy."  *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 92-93 (2005).  Second, Section 3767.41(B)(2)(a) required Plaintiff to

6

serve the Complaint upon all interested parties.[3] As lienholders, K Kern Painting, LLC and AAA Staffing, LLC were statutorily required to be named as defendants in this action. Accordingly, Plaintiff has established that at least two non-removing Defendants – K Kern Painting, LLC and AAA Staffing, LLC – are real parties to the controversy.

### b. Fraudulent Joinder

"A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law ...'" *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994) (citation omitted)). Courts must remand an action if there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Id*. (quoting *Coyne,* 183 F.3d at 493. All disputed questions of fact and ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493. As discussed *supra*, under Section 3767.41(C)(2), Plaintiff can recover against lienholders. Because there is a chance that Plaintiff may recover against K Kern Painting, LLC and AAA Staffing, LLC as lienholders, they were not fraudulently joined.

### 2. K Kern Painting, LLC and AAA Staffing, LLC's Citizenship is unclear.

K Kern Painting, LLC filed a Corporate Disclosure (ECF No. 21) on April 26, 2022. The Disclosure does not identify each member and their citizenship as required to determine whether complete diversity exists.[4] *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities—of which a limited liability company

---

[3] K Kern Painting, LLC filed its Answer "admit[ting] that it claims to have some interest in and against the premises described in the Complaint." (ECF No. 18, Answer at PageID #322).
[4] Plaintiff's jurisdictional allegation that K Kern Painting, LLC is an LLC organized under Ohio law, as well as its Ohio address, indicates the possibility that it is a non-diverse Defendant. (ECF No. 1-2, Compl. at PageID #23; 16, Reply at PageID #293).

is one—have the citizenship of each partner or member."). AAA Staffing, LLC has not filed a corporate disclosure to date. Accordingly, the Court cannot find that complete diversity exists to support its jurisdiction over this action and must remand.

### 3. Even if K Kern Painting, LLC is diverse, its Answer does not demonstrate consent.

"Defendants can manifest consent even without a separate writing or signature if, for example, the notice of removal states that all defendants consent to it." *Schmidt v. PennyMac Loan Services, LLC*, 106 F.Supp.3d 859, 866 (E.D.Mich. May 20, 2015); *See Harper v. AutoAlliance*, 392 F.3d 195, 201–02 (6th Cir.2004) (finding that the rule of unanimity was satisfied when the notice of removal included the defendant's concurrence and was signed by the removing defendant's attorney, certifying the concurrence had evidentiary support.). Removal Defendants argue that K Kern Painting, LLC is a nominal or fraudulently joined defendant and therefore did not include its consent in the Removal. (See ECF No. 1, Removal). The Court has already concluded this Defendant is not nominal or fraudulently joined.

"Alternatively, the defendant can demonstrate consent by filing an answer that states jurisdiction is proper in the federal court." *Id*. "Opposing a motion to remand also demonstrates sufficient consent." *Id*. (citing *Cleveland v. Ameriquest Mortgage Securities, Inc.,* 615 F.3d 496, 501 (6th Cir.2010)). K Kern Painting, LLC filed its Answer (ECF No. 18) on April 26, 2023. The Answer makes no allegation that jurisdiction is proper in this Court. K Kern Painting, LLC also has not opposed the Motion to Remand. Therefore, the latter has not indicated in its Answer, or any other filing, that jurisdiction in this Court is proper.

### B. Amount in Controversy

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Housing Renewal*

8

*Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).  Plaintiff argues that the Removal Defendants failed to meet their burden of establishing that the amount in controversy exceeds $75,000.00 because they failed to disclose the method by which they made a reasonable evaluation of the abatement costs.  (ECF No. 10, Remand at PageID #256).  The Removal Defendants value the abatement costs at more than $100,000.00.  (ECF No. 1, PageID #8).  Their evaluation is based on Plaintiff's demand for abatement of more than 107 alleged housing violations in the buildings on the Property; the violations are allegedly so severe they constitute a public nuisance.  (ECF Nos. 15, Opp. at PageID #286; 1-2, Compl. at PageID #37-30).  Plaintiff's abatement demand also includes the demolition of the Property, if necessary.  (ECF No. 1-2, Compl. at PageID #34).  The Removal Defendants' evaluation of the abatement cost is sufficient because the cost of complying with an injunction may establish the amount in controversy.  *Cleveland Housing*, 621 F.3d at 560-61 (finding that common sense dictated that the significant remedial measures or potential demolition of the properties would satisfy the amount in controversy requirement.).  Although the Removal Defendants met their burden of establishing the requisite amount in controversy, removal to this Court is improper because they failed to meet their burden of establishing complete diversity of citizenship.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (ECF No. 10) is **GRANTED**.

**IT IS SO ORDERED.**

Date: August 3, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**